1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
   Telephone (858) 362-3151
4  Email: michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
8  Telephone (858) 362-3150
9
10 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                           Plaintiff<br>   v.<br><br>LEXAR MEDIA, INC., *et al*<br><br>                           Defendants. | Case No. C08-00095 JW<br>Case No. CV 08-3094 MHP<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with Proposed Order and Declaration of inability to stipulate)<br><br>Courtroom 8, 4th Floor<br>Judge: The Hon. James Ware<br><br>*No Oral Argument Unless Requested by the Court.* |
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                           Plaintiff<br>   v.<br><br>PHILLIPS PLASTICS CORP., *et al*<br><br>                           Defendants. | |

1  Please take notice that Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust, will move and hereby does administratively move pursuant to Civil L.R. §§ 7-11 and 3-12(b) for the Court to consider whether *Sorensen v. Phillips Plastics*, Case No. CV08-3094 MHP ("*Phillips*"), should be related to the lower numbered case of *Sorensen v. Lexar Media*, Case No. CV08-0095 JW ("*Lexar*"). This motion is supported by this Notice Of Motion And Administrative Motion To Consider Whether Cases Should Be Related (L.R. Rule 3-12 (B)); Memorandum Of Points And Authorities; and by the Declaration of J. Michael Kaler, filed concurrently herewith.

## SUMMARY

The newly filed case, *Sorensen v. Phillips Plastics*, Case no. CV08-3094 MHP ("*Phillips*"), in addition to having the same plaintiff as the low numbered case, *Sorensen v. Lexar Media*, Case no. CV08-0095 JW ("*Lexar*"), also is an action to recover for infringement of the same property, U.S. Patent No. 4,935,184 ("the '184 patent"). Because the two disputes relate to the same intellectual property, and both cases will turn on the issue of claim construction of the '184 patent, substantial judicial resources can be conserved by having the two cases heard by the same Court, and consolidating certain specific procedures such as claim construction and validity. For these reasons, the cases should be determined to be related cases and assigned to the judge in the low numbered *Lexar* case for all further proceedings.

### I. THE TWO CASES ARE RELATED WITHIN THE MEANING OF LOCAL RULE § 3-12.

Northern District Local Rule § 3-12(a) provides that an action is related to another when:

(1) The actions concern substantially the **same parties, property**, transaction or event; and

1.

Case No. 08CV0095
Case No. 08CV3094

   (2) It appears likely that there will be an **undue burdensome duplication of labor and expense or conflicting results** if the cases are conducted before different judges.

  The two cases at issue share a common plaintiff, and share a dispute over the same property, a single United States patent. This confluence of partial commonality of parties and complete commonality of the subject property in the two cases satisfies the requirements of L.R. § 3-12(a)(1).

  If the two cases are considered separately by different judges, rulings on several key issues will substantially impact rights in the other case. In particular, rulings on the key issues of the claim construction and validity of the subject patent will strongly impact ongoing proceedings in the parallel case.

  Further, claim construction is an involved and often complex procedure in patent litigation, which requires the Court to become educated about the subject technology and the details of the file history of the subject patent. To have the cases heard by two separate judges not only requires the Plaintiff to duplicate effort in briefing and arguing the claim construction issues twice, but requires two different judges to expend the considerable judicial resources to make the determination on claim construction. Moreover, if there are even slight differences in the claim construction rulings issued by two different judges, such minor differences can cause wholly different results in the two cases. The conservation of party and judicial resources, and avoidance of inconsistent rulings, that will come from relating the two cases in front of a single judge is the purpose of Local Rule § 3-12(a)(2).

  Similarly, the issue of validity is critical to most patent infringement lawsuits. Much like claim construction, validity is an issue, which requires the court to study the matter and the relevant prior art in great detail, typically after extensive briefing by the parties. Much like claim construction, a different finding by two different courts will likely result in wholly inconsistent determinations on the merits. Thus, like claim construction, the validity issue should be determined by a single court to

conserve resources and to avoid conflicting results, again independently satisfies the requirements of Local Rule § 3-12(a)(2).

## II. THESE TWO CASES ARE THE ONLY ACTIVE '184 PATENT CASES PENDING IN THIS DISTRICT.

*Lexar* and *Phillips* are the only actively litigated cases involving Plaintiff Sorensen and the '184 patent pending in the Northern District.

There are three other cases involving the '184 patent that are on file in the Northern District. Previously, Judge Claudia Wilken referred those cases for determination if they were related. The three cases addressed were: *Sorensen v. First International Digital*, Case no. CV07-5525 JSW ("*FID*"); *Sorensen v. Digital Networks of North America*, Case no. CV07-5568 JSW ("*DNNA*") and *Sorensen v. Ampro Tools*, Case no. CV08-0096 CW ("*Ampro*"). Counsel for Sorensen and DNNA both opposed relation of those three cases because of the default status of both FID and Ampro. DNNA's opposition included the following statement:

> As reflected in the Docket Reports for Case No. CV-05525-JSW and Case No. CV-00096-CW. Judge White has entered a default judgment against First International, and Judge Wilken's Clerk has entered a Notice of Default against Ampro Tools. Unlike the suit against DNNA, the First International and Ampro Tools cases are likely to involve the enforcement of default judgments rather than the interpretation of Sorensen's asserted patent.

DNNA's Response To Judicial Referral For Purpose Of Determining Relationship Of Cases (Dkt. #43), Case No. 07 CV5568 JSW.

Additionally, the *DNNA* case is stayed pending reexamination. The defaults and stay in those cases leave the *Lexar* and *Phillips* cases as the only active cases involving the '184 patent in this district. There was no benefit to relating two defaulted cases and one stayed case, as there were no judicial efficiencies to derive. By contrast, the two active cases, *Lexar* and *Phillips*, can benefit from a substantial

conservation of judicial resources if they are related before the Honorable Judge James Ware, the Judge in the low numbered *Lexar* case.

## **CONCLUSION**

For the reasons cited hereinabove regarding the overlap of common parties, the commonality of intellectual property in dispute, the substantial conservation of judicial resources, and the avoidance of inconsistent decisions that arise from having a single judge conduct all claim construction and other determinations with regard to the subject '184 patent, the *Phillips* case should be deemed related to the *Lexar* case and transferred to the judge in the low-numbered case.

DATED this Thursday, July 17, 2008.

> JENS ERIK SORENSEN, as Trustee of
> SORENSEN RESEARCH AND DEVELOPMENT
> TRUST, Plaintiff
>
> /s/ J. Michael Kaler
> J. Michael Kaler, Esq.
> Melody A. Kramer, Esq.
> Attorney for Plaintiff

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Thursday, July 17, 2008, I served the following documents:

NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b)); MEMORANDUM OF POINTS AND AUTHORITIES

DECLARATION OF J. MICHAEL KALER IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

[PROPOSED ORDER] GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b))

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>jared.bobrow@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |
| Robert L. Binder<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>414/297-4900 FAX<br>rbinder@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Richard L. Schwaab<br>Pavan K. Agarwal<br>C. Edward Polk, Jr.<br>Foley & Lardner LLP<br>3000 K Street, N.W. Suite 500<br>Washington, DC 20007<br>202/672-5399 FAX<br>rschwaab@foley.com<br>pagarwal@foley.com<br>epolk@foley.com | Phillips Plastics Corp. | Email-- to an email address represented to be the correct email address for the above noted addressee |
| Phillips Plastics Corp.<br>C/o CT Corporation System<br>8040 Excelsior Drive, Ste. 200 | Phillips Plastics Corp. | U.S. Mail |

| Madison, WI  53717 | | |
|---|---|---|

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☒ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☒ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, July 17, 2008, in San Diego, California.

/s/ J. Michael Kaler
J. Michael Kaler

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   Email:  michael@kalerlaw.com
5

6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9

10 Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
   JENS ERIK SORENSEN, as Trustee of    ) Case No. C08-00095 JW
14 SORENSEN RESEARCH AND                ) Case No. CV 08-3094 MHP
   DEVELOPMENT TRUST,                   )
15                                      )
                                        ) **DECLARATION OF J. MICHAEL**
16                   Plaintiff          ) **KALER IN SUPPORT OF**
     v.                                 ) **ADMINISTRATIVE MOTION TO**
17                                      ) **CONSIDER WHETHER CASES**
18 LEXAR MEDIA, INC., *et al*           ) **SHOULD BE RELATED**
                                        )
19                   Defendants.        ) Courtroom 8, 4th Floor
20 _____ ) Judge:  The Hon. James Ware
   JENS ERIK SORENSEN, as Trustee of    )
21 SORENSEN RESEARCH AND                ) *No Oral Argument Unless Requested by*
22 DEVELOPMENT TRUST,                   ) *the Court.*
                                        )
23                   Plaintiff          )
24   v.                                 )
                                        )
25 PHILLIPS PLASTICS CORP., *et al*     )
26                                      )
                     Defendants.        )
27 _____ )
28

                                    1.                   Case No. 08CV0095
                                                         Case No. 08CV3094

1   I, J. MICHAEL KALER, declare:

2   1.   I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2.   At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in both of the above-captioned matters.

3.   Civil L.R. 7-11 requires that administrative motions be accompanied either by a stipulation or a declaration of why no stipulation is attached. This declaration explains that a stipulation was sought from all opposing counsel in both the above-captioned cases, and each declined to stipulate to relating the two cases.

4.   On Friday, July 11, 2008, I telephoned Joseph Lee, an attorney at Weil, Gotschal & Manges LLP, who represents Defendant Lexar Media, Inc., and has always been the point person for communication with Defendant in *Sorensen v. Lexar Media*, Case no. CV08-0095 JW ("*Lexar*"). I explained that I anticipated that Plaintiff would be bringing a motion to relate this case to the newly filed case of *Sorensen v. Phillips Plastics*, Case no. CV08-3094 MHP ("*Phillips*") pursuant to Civil L.R. 3-12(b) and inquired as to whether Lexar would be interested in stipulating to relating the two cases. Some hours later, Mr. Lee left me a voice mail, and an email, confirming that Lexar would NOT stipulate to the relation of the two cases.

5.   On Friday, July 11, 2008, I telephoned Robert Binder, an attorney at Foley & Lardner, LLP, who represents Defendant Phillips Plastics Corp. and has always been the point person for communication with Defendant in the *Phillips* case. I explained that I anticipated that Plaintiff would be bringing a motion to relate the *Phillips* case to the low numbered *Lexar* case pursuant to Civil L.R. § 3-12(b) and inquired as to whether Phillips would be interested in stipulating to relating the two cases. Mr. Binder explained while we were on the telephone that he

1  saw no need to relate the two cases, that Phillips would probably be seeking some
2  other kind of relief, and that Phillips would NOT stipulate to relation of the two
3  cases.

4        6.    The two subject cases share a single plaintiff (Sorensen) in both cases.
5  Further, the property in dispute in both cases is United States patent 4,935,184 ("the
6  '184 patent").

7        7.    If the two cases are considered separately, rulings on several key issues
8  will substantially impact rights in the other case.  In particular, rulings on the key
9  issues of the claim construction and other issues will strongly impact ongoing
10 proceedings in the parallel case.

11       8.    Patent claim construction is an involved and often complex procedure in
12 patent litigation, which requires the Court to become educated about the subject
13 technology and the details of the file history of the subject patent.  To have the cases
14 heard by two separate judges not only requires the Plaintiff to duplicate effort in
15 briefing and arguing the claim construction issues twice, but requires two different
16 judges to expend the considerable judicial resources to make the determination on
17 claim construction.  Moreover, if there are even slight differences in the claim
18 constructions issued by two different judges such minor differences can cause wholly
19 different results in the two cases.

20       9.    *Lexar* and *Phillips* are the only actively litigated cases involving
21 Plaintiff Sorensen and the '184 patent pending in the Northern District.  At an earlier
22 juncture, Judge Claudia Wilken referred the three other cases involving the '184
23 patent for determination if they were related.  The three cases addressed were:
24 *Sorensen v. First International Digital*, Case no. CV07-5525 JSW ("*FID*"); *Sorensen*
25 *v. Digital Networks of North America*, Case no. CV07-5568 JSW ("*DNNA*") and
26 *Sorensen v. Ampro Tools*, Case no. CV08-0096 CW ("*Ampro*").  Counsel for
27 Sorensen and DNNA both opposed relation of those three cases because of the
28 default status of both FID and Ampro. Additionally, the *DNNA* case is stayed.  The

defaults and stay leave the *Lexar* and *Phillips* as the only active cases involving the '184 patent in this district.

10. There was no benefit to relating two defaulted cases and one stayed case, as there were no judicial efficiencies to derive. By contrast, the two active cases, *Lexar* and *Phillips*, can benefit from a substantial conservation of judicial resources if they are related before the Honorable Judge James Ware, the Judge in the low numbered *Lexar* case.

> As reflected in the Docket Reports for Case No. CV-05525-JSW and Case No. CV-00096-CW. Judge White has entered a default judgment against First International, and Judge Wilken's Clerk has entered a Notice of Default against Ampro Tools. Unlike the suit against DNNA, the First International and Ampro Tools cases are likely to involve the enforcement of default judgments rather than the interpretation of Sorensen's asserted patent.

Defendant DNNA's Response To Judicial Referral For Purpose Of Determining Relationship Of Cases (Dkt. #43) Case No. 07 CV5568 JSW. Moreover, in addition to the defaults in the *FID* and *Ampro* cases, the *DNNA* case is stayed. The defaults and stay leave the *Lexar* and *Phillips* cases as the only active cases involving the '184 patent in this district.

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraphs are true and correct to the best of my own personal knowledge.

DATED this Thursday, July 17, 2008.

/s/ J. Michael Kaler
J. Michael Kaler, Esq.

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br>              Plaintiff <br>  v. <br><br>LEXAR MEDIA, INC., *et al* <br><br>             Defendants. <br>_____ <br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br>              Plaintiff <br>  v. <br><br>PHILLIPS PLASTICS CORP., *et al* <br><br>             Defendants. | Case No. C08-00095 JW <br> Case No. CV 08-3094 MHP <br><br> **[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12 (b))** |

**RELATED CASE ORDER**

A Motion for Administrative Relief to Consider Whether Cases Should be

1  Related (Civil L.R. 3-12) has been filed. The time for filing an opposition or
2  statement of support has passed. As the judge assigned to the earliest filed case
3  below that bears my initials, I find that the more recently filed case that I have
4  initialed below are related to the case assigned to me, and such case shall be
5  reassigned to me.

**C 08-00095 JW    Sorensen v. Lexar Media, Inc.**

**C 08-03094 MHP Sorensen v. Phillips Plastics Corp.**

**I find that above case is related to the case assigned to me. _____**

## ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly.  Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be renoticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

DATED: _____                                       _____
                                                                      Judge James Ware

DATED: _____                                       _____
                                                                      Judge Marilyn Hall Patel