NANCY J. GEENEN, CA BAR NO. 135968, NGEENEN@FOLEY.COM
KIMBERLY K. DODD, CA BAR NO. 235109, KDODD@FOLEY.COM
**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3404
TELEPHONE:    415.434-4484
FACSIMILE:     415.434-4507

ROBERT L. BINDER (TO BE ADMITTED *PRO HAC VICE*), RBINDER@FOLEY.COM
**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202
TELEPHONE (414) 271-2400
FACSIMILE (414) 297-4900

PAVAN K. AGARWAL (TO BE ADMITTED *PRO HAC VICE*), PAGARWAL@FOLEY.COM
**FOLEY & LARDNER LLP**
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
TELEPHONE: (202) 672-5300
FACSIMILE: (202) 672-5399

Attorneys for Defendant/Counterclaim Plaintiff **Phillips Plastics Corporation**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIPS PLASTICS CORPORATION, a Wisconsin Corporation; and DOES 1 THROUGH 100,<br><br>Defendants. | Case No: 08-CV-03094-MHP<br><br>**PHILLIPS PLASTICS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL** |
| PHILLIPS PLASTICS CORPORATION,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Counterclaim Defendant. | |

MILW_7326796.2

Defendant/Counterclaim Plaintiff Phillips Plastics Corporation ("Phillips") submits its Answer, Affirmative Defenses and Counterclaims to the Complaint of Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen"). Unless specifically admitted, all allegations in the complaint are denied.

## ANSWER

1.     Answering paragraph 1, answering defendant states that it is without knowledge or information sufficient to form a belief whether SRDT is a California resident and the trustee of a trust organized according to California law and owner of all rights to United States Patent No. 4935184 (hereinafter "'184 patent"); admits that a copy of the '184 patent is attached as Exhibit A.

2.     Answering paragraph 2, answering defendant admit that Phillips Plastics Corporation ("Phillips") is a corporation and that it has an office located in Sunnyvale, California, but in this respect alleges that California is not a principal place of business of Phillips; admits that Phillips is or has been engaged in the manufacture, import, sale and/or offer for sale within the United States of certain products accused of having been manufactured by a process that infringes the '184 patent, but denies that Phillips is or has been engaged in the manufacture, import sale and/or offer for sale within this district of such products.

3.     Answering paragraph 3, answering defendant states that paragraph 3 is definitional and does not require a response under the Rules.

4.     Answering paragraph 4, answering defendant states that it does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein inasmuch as the identity of the so-called Doe defendants, if they exist at all, has not been disclosed.

5.     Answering paragraph 5, answering defendant states that paragraph 5 contains legal rather than factual allegations and a response is not required under the Rules. Jurisdiction is not contested.

2

PHILLIPS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS;
DEMAND FOR JURY TRIAL
CASE NO. 08-03094-MHP

MILW_7326796.2

6.    Answering paragraph 6, answering defendant denies that defendants have committed acts of infringement in this District.  Answering defendant denies that venue is proper in this District.

7.    Answering paragraph 7, answering defendant denies that it has manufactured within, imported into, offered for sale, and/or sold accused products as defined in the complaint, in this District; states that it is without knowledge or information sufficient to form a belief whether other unidentified Doe defendants, if they exist, have done so.  Personal jurisdiction is not contested.

8.    Answering paragraph 8, restates and incorporates by reference the admissions, denials and other material in paragraphs 1-7 above.

9.    Answering paragraph 9, admits the allegations contained therein.

10.    Answering paragraph 10, as to this answering defendant, denies each and every allegation contained therein; states it is without knowledge or information sufficient to form a belief whether the Doe defendants, if they exist, have performed the acts alleged.

11.    Answering paragraph 11, the statements in paragraph 11 are merely definitional and therefore an answer is not required under the Rules.

12.    Answering paragraph 12, the statements in the first sentence of paragraph 12 are merely definitional and therefore an answer is not required under the Rules; admits that Phillips has taken the position in the *Black & Decker* litigation in San Diego that non-Black & Decker products manufactured by Phillips are not the subject of that litigation and accordingly has refused to provide discovery on such products, but denies that this separate action is required because of those circumstances.

13.    Answering paragraph 13, admits that this answering defendant has not obtained a license or any other valid authorization for import, sale or offer of sale in the United States of products manufactured through the use of the '184 patented process because this answering defendant has not imported, sold or offered for sale in the United

3

States products manufactured through the use of the '184 patented process and further states that the '184 patent is invalid; states that it is without knowledge or information whether the Doe defendants, if they exist, have acted as alleged in this paragraph.

14.    Answering paragraph 14, with respect to this answering defendant, if the allegation is that it was on constructive notice of the '184 patent in the same sense that all other citizens were by virtue of the U.S. Patent Office issuing the '184 patent, the allegations are admitted; otherwise, they are denied; states that it is without knowledge or information whether the Doe defendants, if they exist, have acted as alleged in this paragraph.

15.    Answering paragraph 15, as to this answering defendant, admit that it has been aware of the '184 patented process since approximately December 1994, but states that the '184 process is irrelevant to processes used by this answering defendant to produce the accused products; this answering defendant lacks knowledge or information sufficient to answer with respect to other unidentified and unknown Doe defendants.

16.    Answering paragraph 16, states that this answering defendant has engaged in the manufacture, sale, and/or offer for sale, but not import, within the United States of products that have dual-layer external plastic housings; denies that this answering defendant has engaged in the manufacture, import, sale, and/or offer for sale within this District of such products; states that it is without knowledge of information sufficient to form a belief as to whether the unidentified and unknown Doe defendants have done so.

17.    Answering paragraph 17, denies each and every allegation contained therein.

18.    Answering paragraph 18, denies each and every allegation contained therein.

19.    Answering paragraph 19, denies each and every allegation contained therein.

20.    Answering paragraph 20, denies each and every allegation contained

4

therein.

21.   Answering paragraph 21, denies each and every allegation contained therein.

22.   Answering paragraph 22, denies each and every allegation contained therein.

23.   Answering paragraph 23, denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

Defendant Phillips asserts the following defenses and reserve the right to further amend its Answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE

Defendant Phillips does not infringe any claim of the '184 patent.

### SECOND AFFIRMATIVE DEFENSE

Defendant Phillips does not and has not actively induced and/or contributed to infringement of the '184 patent by others.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 102(a) on the ground that the claimed invention was "known or used" by others prior to the filing of the application leading to the '184 patent.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 102(b) on the ground that the claimed invention was patented, described in a printed publication, in public use or was on sale more than a year before the '184 patent was filed with the United States Patent & Trademark Office.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 103 on the ground that the claims would have been obvious to one of ordinary skill in the

MILW_7326796.2

art of injection molding processes at the time the invention was made.

## SIXTH AFFIRMATIVE DEFENSE

Upon information or belief, the claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 112 on the ground that the inventor failed to disclose the best mode to practice the claimed invention.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the patent is not enabling.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 112 on the ground that the claims lack written description support, and violates the new matter prohibition under 35 U.S.C. § 132.

## NINTH AFFIRMATIVE DEFENSE

The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. § 112 on the ground that the claims are indefinite.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by laches, estoppel, waiver and unclean hands since Plaintiff has claimed for thirteen and one-half years that Defendant has been infringing the '184 patent by carrying out manufacturing processes that are the same or similar in relevant respects to the processes used to manufacture the accused Craftsman tape measures but failed unreasonably and inexcusably to pursue infringement claims. Defendant relied on Plaintiffs misleading conduct, resulting in evidentiary and economic prejudice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from construing any claim of the '184 patent to cover or include, either literally or under the doctrine of equivalents, any process, device, component or structure made, used, sold or offered for sale by Defendant Phillips

6

MILW_7326796.2

because of positions taken during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '184 patent.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available. No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the United States Patent and Trademark Office in prosecution of the application leading to the '184 patent.

## COUNTERCLAIMS

Counterclaim Plaintiff Phillips Plastics Inc. ("Phillips"), by its undersigned attorneys, states its counterclaims as follows:

1.     Counterclaim Plaintiff Phillips is a corporation organized under the laws of Wisconsin, with offices and manufacturing facilities located throughout the United States, including its corporate headquarters at 1201 Hanley Road, Hudson, Wisconsin.

2.     Upon information and belief, Counterclaim Defendant Sorensen Research and Development Trust, through its trustee Jens E. Sorensen ("Counterclaim Defendant SRDT") is a trust organized under California law.

3.     These counterclaims are based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* This is also an action for declaratory judgment arising under 28 U.S.C. § 2201.

### Jurisdiction

4.     This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338 and 1367 because these counterclaims arise under the Patent Laws of the United States.

5.     This Court has personal jurisdiction over Counterclaim Defendant SRDT

7

by virtue of its having filed a lawsuit against Phillips on U.S. Patent No. 4,935,184 in this Court, the same patent that is the subject of these counterclaims.

### Venue

6.     The to extent that this judicial district is determined to be a proper venue for SRDT's infringement claims under the '184 patent, then venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400(b).

### Counterclaims

7.     Counterclaim Defendant SRDT has alleged that it is the present owner of all rights, title and interest in and to United States Patent No. 4,935,184 ("the '184 patent"), including the right to sue and recover damages for infringement.  Attached to SRDT's Complaint is a copy of the '184 patent.  SRDT has sued Phillips alleging that Phillips infringes at least one claim of the '184 patent.

8.     Phillips has not, and does not, infringe any valid claim of the '184 patent.

9.     The claims of the '184 patent are invalid, and of no effect, for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to Sections 101, 102, 103, and/or 112.

10.     There exists an actual and justifiable controversy between the parties as to the validity and infringement of the claims of the '184 patent with respect to which Phillips is entitled to a declaratory judgment in its favor.

### PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Phillips request the following relief:

a.     Dismissal of Plaintiff's Complaint, with prejudice, including an award to Phillips for their reasonable costs and attorneys' fees;

b.     A declaration and judgment that Phillips has not infringed, induced infringement or contributed to the infringement of any claim of the '184 patent;

c.     A declaration and judgment that the claims of the '184 patent are invalid

8

MILW_7326796.2

1  and/or unenforceable;

2       d.    Judgment in favor of Phillips on all of the Plaintiffs claims and on

3  Phillips's counterclaims; and

4       e.    Such other and further relief as the Court may deem just and proper.

5

6  DATED:   JULY 18, 2008                          FOLEY & LARDNER LLP

7

8                                      BY: _____
                                                        /s/

9                                               NANCY J. GEENEN
                                           Attorneys for Defendant/Counterclaim
10                                         Plaintiff Phillips Plastics Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS;
DEMAND FOR JURY TRIAL
CASE NO. 08-03094-MHP

MILW_7326796.2

1

## JURY TRIAL DEMAND

2      Defendant and Counterclaim Plaintiff Phillips Plastics Inc. demands a trial by jury

3   on all issues triable to a jury.

4

5   DATED:   JULY 18, 2008                         FOLEY & LARDNER LLP

6

7                                           BY:  _____/s/_____

8                                                NANCY J. GEENEN
                                                Attorneys for Defendant/Counterclaim
9                                                Plaintiff Phillips Plastics Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS;
DEMAND FOR JURY TRIAL
CASE NO. 08-03094-MHP

MILW_7326796.2