1  JARED BOBROW (Bar No. 133712)
   jared.bobrow@weil.com
2  JOSEPH H. LEE (Bar No. 248046)
   joseph.lee@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
4  Redwood Shores, CA  94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6  KEVIN KUDLAC (*pro hac vice*)
   kevin.kudlac@weil.com
7  WEIL, GOTSHAL & MANGES LLP
   8911 Capital of Texas Highway
8  Building One, Suite 1350
   Austin, TX 78759
9  Telephone: (512) 349-1930
   Facsimile: (512) 527-0798

10
   Attorneys for Defendant
11 LEXAR MEDIA, INC.

12                    UNITED STATES DISTRICT COURT

13        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14 | JENS ERIK SORENSEN, as Trustee of | Case No. C08-00095 JW
   | SORENSEN RESEARCH AND             |
15 | DEVELOPMENT TRUST,                | DEFENDANT LEXAR MEDIA'S
   |                                   | MEMORANDUM OF POINTS AND
16 |              Plaintiff,           | AUTHORITIES IN OPPOSITION TO
   |                                   | PLAINTIFF'S MOTION TO CONSIDER
17 |        v.                         | WHETHER CASES SHOULD BE
   |                                   | RELATED (L.R. 3-12(b))
18 | LEXAR MEDIA, INC., a Delaware corporation;
   | and DOES 1 - 100,
19 |
   |              Defendants.
20 |_____

   | JENS ERIK SORENSEN, as Trustee of | Case No. CV08-03094 MHP
21 | SORENSEN RESEARCH AND             |
   | DEVELOPMENT TRUST,                |
22 |                                   |
   |              Plaintiff,           |
23 |                                   | Courtroom:   8, 4th Floor
   |        v.                         | Judge:       Hon. James Ware
24 |                                   |
   | PHILLIPS PLASTICS CORP., et al.,  | **No Oral Argument Unless Requested by
25 |                                   | the Court**
   |              Defendants.
26 |
27 |_____
28

**I.**

**INTRODUCTION**

Pursuant to Local Rule 7-11, Defendant Lexar Media, Inc. ("Lexar") respectfully requests that the Court deny the administrative motion brought by Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust, to have the Court consider whether *Sorensen v. Phillips Plastics Corp.*, Case No. 08-03094 MHP ("Phillips case") is a related case to *Sorensen v. Lexar Media, Inc.*, Case No. 08-00095 JW ("Lexar case"). To begin with, the two cases have significant differences, such as different defendants and different accused products. The only commonality between the two cases—that U.S. Patent No. 4,935,184 ("the '184 patent" or "the patent-in-suit") is asserted in both cases—is insufficient to establish the two cases as related, as Plaintiff expressly has acknowledged in prior cases in this District.

In fact, it appears that Sorensen filed the Phillips case in this District, and filed this motion, for purely tactical purposes. Sorensen previously filed a patent infringement suit against Phillips under the '184 patent in the Southern District of California ("S.D. Cal. case"). In that case the Court stayed the litigation pending reexamination of the '184 patent. Plainly, Sorensen filed this new lawsuit against Phillips under the '184 patent in this District to avoid the Southern District's stay and seeks to have the case related to the Lexar case to take advantage of this Court's order denying a stay pending reexamination. Such conduct is improper.

**II.**

**THE PHILLIPS CASE AND THE LEXAR CASE ARE NOT SUFFICIENTLY RELATED**

The relationship between the Phillips case and the Lexar case is slight and consists solely of a common patent in suit, which is insufficient to establish that the cases are related. The two cases have different defendants. They also have different accused products, made by presumably different processes. In the Phillips case, Sorensen is accusing Phillips of manufacturing, importing, selling, or offering for sale tape measures[1] made by a process patented

---

[1] *See* Declaration of Joseph H. Lee in Support of Defendant Lexar Media's Opposition to Plaintiff's Motion to Consider Whether Cases Should be Related (L.R. 3-12(b)) ("Lee Decl."), Exh. A (Phillips Plastics Corp.'s Notice of Pendency of Other Action or Proceeding Pursuant to Civil L.R. 3-13, filed on July 18, 2008 as Docket No. 12 in the Phillips case).

1    by the '184 patent; in the Lexar case, Sorensen is accusing the LEXAR MEDIA JumpDrive

2    128MB—the plastic housing for a flash drive—of being made by an infringing process. As a

3    result, each case will have an entirely different set of facts concerning the manufacture,

4    importation, and sale of the accused products by the defendants. Further, each case will include

5    disparate facts relating to the events and interactions between Plaintiff and each of the defendants

6    prior to the filing of each suit. Any issues in the two cases that touch on the activities of the

7    defendants will thus need to be considered separately and no benefit will accrue with respect to

8    those issues from relating the cases. This includes not only the issue of non-infringement, but

9    also a multitude of other issues, such as notice, willfulness, and damages. The issues related to

10   the '184 patent's unenforceability are also dependent, in part, on the actions of the Plaintiff with

11   respect to each of the parties, such as whether Plaintiff's actions with respect to a particular

12   defendant constitute laches. In fact, the only common point between the two cases is that

13   Sorensen is asserting the same patent against each of the two defendants.

14           In prior cases before the Northern District of California, Sorensen has agreed with

15   Lexar's position that a common patent does not make two cases related. Judge Claudia Wilken

16   referred the three then-pending cases involving the '184 patent in the Northern District of

17   California to Judge Jeffrey S. White for consideration as to whether they were related. *See* Lee

18   Decl., Exh. B (Judicial Referral for Purpose of Determining Relationship of Cases, issued on

19   March 26, 2008 as Docket No. 41 in *Sorensen v. Digital Networks N.A.*, Case No. 07-05568

20   JSW). At that time, Sorensen opposed relating the cases. *See* Lee Decl., Exh. C (Plaintiff's

21   Response to Judicial Referral for Purpose of Determining Relationship of Cases, filed on March

22   31, 2008 as Docket No. 42 in *Digital Networks*). More specifically, Sorensen argued that *Digital*

23   *Networks* did not meet the criteria under Civil L.R. 3-12 for related cases because "the case does

24   not have any overlapping defendants or products accused of patent infringement with either of the

25   other two cases."[2] *Id.* The same is true as between the Phillips case and the Lexar case. After

26   review of the papers regarding the referral, including Sorensen's opposition, Judge White

27   _____

28   [2] Sorensen made the same argument in distinguishing the other two then-pending cases. *See* Lee
     Decl., Exh. C.

1   determined that the first three filed cases were not related. *See* Lee Decl., Exh. D (Related Case

2   Order, issued on April 3, 2008 as Docket No. 44 in *Digital Networks*). Of note, Judge White not

3   only found unrelated the first three filed cases involving Sorensen and the '184 patent, but he also

4   found that the Lexar case was not related to any of the prior three cases. *Id.*

5                                               **III.**

6                  **SORENSEN IS FORUM SHOPPING TO AVOID A PRIOR STAY**

7                  Sorensen has changed his position regarding relatedness because he is forum

8   shopping to avoid a previously entered stay of the first-filed Phillips case in the Southern District.

9   In his motion, Sorensen fails to mention that the Phillips case is not the first case involving the

10  '184 patent between Sorensen and Phillips. Sorensen already has a pending lawsuit against

11  Phillips in the Southern District of California that accuses Phillips of infringing the '184 patent.

12  *See* Lee Decl., Exh. A (Phillips Plastics Corp.'s Notice of Pendency of Other Action or

13  Proceeding Pursuant to Civil L.R. 3-13, filed on July 18, 2008 in the Phillips case). Sorensen

14  surely could have brought the instant case against Phillips in the Southern District of California.[3]

15  The reason Sorensen filed a second Phillips case on the '184 patent in the Northern District is that

16  the earlier S.D. Cal. case has been stayed pending the outcome of the reexaminations of the '184

17  patent. *Id.* By filing the separate Phillips case in this District, instead of in the Southern District,

18  where he originally sued Phillips, Sorensen is presumably hoping to avoid another stay.

19                 By filing suit in two separate Districts against the same defendant, Sorensen has

20  already created the risk of conflicting results. Relating the Phillips case to the Lexar case will not

21  significantly reduce this risk. Nor will a decision not to relate the cases create an unduly

22  burdensome duplication of labor and expense. The Phillips case and the Lexar case differ

23  significantly and the labor and expense involved in litigating one of the cases is largely

24  independent of the other case.

25

26

27

---

28  [3] Lexar understands that Phillips intends to file a motion for transfer of the Phillips case to the
    Southern District of California. *See* Lee Decl., Exh. A.

1

2

### IV.

### CONCLUSION

For the aforementioned reasons, the Court should determine that the two cases are unrelated and no reassignment should occur.

Dated:  July 22, 2008                                 WEIL, GOTSHAL & MANGES LLP

By:      _/s/ Jared Bobrow_
                   JARED BOBROW
              jared.bobrow@weil.com

              Attorneys for Defendant,
              LEXAR MEDIA, INC.

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

| | |
|---|---|
| 11 JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND | Case No. C08-00095 JW |
| 12 DEVELOPMENT TRUST, | [PROPOSED] RELATED CASE ORDER |
| 13          Plaintiff, | |
| 14      v. | |
| 15 LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 - 100, | |
| 16 | |
| 17          Defendants. | |
| 18 JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND | Case No. CV08-3094 MHP |
| 19 DEVELOPMENT TRUST, | |
| 20          Plaintiff, | Courtroom:   8, 4th Floor |
| 21      v. | Judge:      Hon. James Ware |
| 22 PHILLIPS PLASTICS CORP., et al., | **No Oral Argument Unless Requested by the Court** |
| 23          Defendants. | |
| 24 | |

25

26

27

28

Case No. C08-00095 JW RS

[Proposed] RELATED CASE ORDER

1    The Honorable Judge James Ware has reviewed the motion and determined that no

2  cases are related and no reassignments shall occur.

3    IT IS SO ORDERED.

4  DATED: _____, 2008

5

6                                    _____
                                     Honorable James Ware
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28